**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KIMBERLEY DIANE ANDERSON,** *Plaintiff*, | § | |
| **v.** | § | **NO. EP-26-CV-01076-KC-MAT** |
| **FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** *Defendant*. | § | |

**REPORT AND RECOMMENDATION TO REVERSE AND REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

The Court considers Defendant's "Joint Stipulation to Remand to the Commissioner" ("Motion"), filed on September 3, 2026. ECF No. 8. The Parties ask the Court to reverse Administrative Law Judge David Benedict's decision and remand the case to the Social Security Administration for further proceedings, specifically for the Appeals Council to offer claimant the opportunity for a hearing. *Id.* at 1. The Court being advised of the premises is of the opinion that said Motion should be **GRANTED**.

Sentence four of 42 U.S.C. § 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g). The U.S. Supreme Court and U.S. district courts in the Fifth Circuit affirm the district court's authority to reverse and remand the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991) ("Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision."); *Howard v. Astrue*, No. A-11-CA-189 AWA, 2011 WL 13324112, at *1 (W.D. Tex. Sept. 27, 2011), *report and recommendation*

*adopted*, No. A-11-CA-189-SS, 2012 WL 13136122 (W.D. Tex. Apr. 12, 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993)) ("In reviewing final agency decisions concerning Social Security benefits, a district court may remand a case to the Commissioner only under sentence four or sentence six of 42 U.S.C. § 405(g).").

The Court finds that a sentence four remand under 42 U.S.C. § 405(g) is appropriate in this case to ensure that the Social Security Administration properly considers Plaintiff's claim of disability. A district court remanding a case pursuant to sentence four of 42 U.S.C. § 405(g) is permitted to enter final judgment in the case. *See Istre v. Apfel*, 208 F.3d 517, 519 (5th Cir. 2000) (quoting *Melkonyan*, 501 U.S. at 98) ("The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary….").

The Court therefore **RECOMMENDS** that this case be **REVERSED** and **REMANDED** for further action by the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SIGNED** and **ENTERED** this 4th day of September 2026.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**